UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CHARLES, :
:
    Plaintiff : CIVIL ACTION NO. 4:22-1025
:
v. : (JUDGE MANNION)
:
CITIZENS & NORTHERN BANK, :
:
    Defendant :
:

### MEMORANDUM

Pending before the court is Defendant Citizen & Northern Bank's ("C&N") motion to dismiss, (Doc. 5), Plaintiff Michael Charles's complaint, (Doc. 1). Charles brings suit against C&N under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") for C&N's alleged discrimination against him based on his mental health issues which culminated in his termination. C&N moves to dismiss based on Charles's failure to state a claim upon which relief can be granted. Charles's complaint is currently inadequate because, as pleaded, the allegations therein indicate he suffered from a temporary, nonpermanent mental impairment, which is generally unprotected under the ADA and PHRA. Accordingly, the court will **GRANT** the motion to dismiss without prejudice and leave to amend.

**I.    BACKGROUND**

The background of this case is taken from the factual allegations set forth in Charles's complaint, (Doc. 1), which the court must accept as true for purposes of C&N's motion to dismiss.

Charles was employed continuously with Defendant C&N since October 2001 until his termination in June 2020. His position at the time of his termination was Senior Trust Tax Officer and the officer position of Vice President. Charles had an exemplary work history with C&N; he takes great pride in his job performance; and to his knowledge he had not received any disciplinary actions prior to his termination. Around March 2020, C&N had employees, including Charles, work from home due to the COVID-19 pandemic. It was in the middle of tax season and Charles had to rapidly switch from using paper to electronic means of performing his job duties. Charles suffered severe mental health issues, including severe depression, that ultimately lead to his hospitalization in May 2020. Charles obtained mental health care and completed a request for leave under the Family and Medical Leave Act ("FMLA"). His request was approved, and he was on leave for approximately two weeks. Thereafter, Charles was cleared by his treating mental health provider to return to work without restriction and returned on May 26, 2020.

Charles alleges his mental health issues constitute a disability and have caused C&N to perceive him as having a disability. On June 11, 2020, within 16 days of returning to work, Charles was called in for a meeting with his supervisor Deborah Scott and Human Resources Director Tracy Watkins. During this meeting, Scott and Watkins brought up an issue regarding paperwork that was missing. During the same meeting, Scott "talked down" to Charles and said on several occasions to him, "This isn't like you." Watkins informed Charles they were going to conduct an audit of his work, he would be placed on leave, and he had to go immediately home without contacting any of his coworkers. Immediately after the meeting, Watkins called Charles's wife, Rebecca Charles, to inform her that they had just placed Charles on leave; on that call, Watkins used a tone that led Mrs. Charles to believe that Watkins was voicing concern over Charles's mental health.

Charles was on forced leave for five weeks, during which Charles did not hear anything from HR regarding his status at the company, nor did he hear any updates on the "audit" that was being conducted, nor was he given a chance to respond to any alleged issues. Despite being kept in the dark by C&N, Charles responded to questions from coworkers and clients and kept them informed regarding deadlines and other important work matters that required attention while he was away. Charles finally met with Watkins and

Scott on Monday, July 20, 2020, where they informed him that he was being terminated. Charles was not provided with any adequate explanation regarding the reason for his termination, nor was he provided with an opportunity to respond regarding any alleged issues.

Charles alleges he was perceived as having a mental health disability by C&N and unlawfully discriminated against upon his return from leave under the FMLA. He was able to fully perform his job functions. Charles alleges further that, as a result of Defendant's alleged disability discrimination, Charles suffered damages including lost wages, lost benefits, lost seniority, out of pocket expenses, emotional distress, owed personal and vacation time, and termination of his COBRA benefits.

## II. LEGAL STANDARD

Charles's motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the complaint fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the non-moving party has failed to plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the non-moving party's cause of action. *Id.* Furthermore, to satisfy federal pleading requirements, the non-moving party must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544 at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are

alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, the court should generally grant leave to amend a pleading before dismissing it as merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III. DISCUSSION

C&N moves to dismiss both of Charles's disability discrimination claims under the ADA (Count I) and PHRA (Count II). The ADA dictates that an employer may not "discriminate against a qualified individual on the basis of disability." *See* 42 U.S.C. §12112(a). The PHRA similarly makes it unlawful for an employer to "discharge . . . or to otherwise discriminate against" an

employee due to disability. *See* 43 Pa.C.S.A. §955(a). The analysis for C&N's motion to dismiss both claims can be done together since courts generally interpret the ADA and PHRA coextensively. *See Colwell v. Rite Aid Corp.*, 602 F.3d 495, 500 n.3 (3d Cir. 2010). To plead a claim of disability discrimination, a plaintiff must allege "(1) [he] is a disabled person within the meaning of the ADA; (2) [he] is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [he] has suffered an otherwise adverse employment decision as a result of discrimination." *Eshleman v. Patrick Indus.*, 961 F.3d 242, 245 (3d Cir. 2020) (quoting *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)). C&N focuses on the first element, arguing Charles has inadequately pleaded that he is disabled. (*See* Doc. 6).

Under the ADA, an "individual with a disability" is defined as someone who (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380 (3d Cir. 2002) (citing 42 U.S.C. §12102(1)). Here, Charles's complaint alleges he was disabled based on the actual impairment prong and the "regarded as" prong of the definition of disability, both of which are addressed in turn.

### A. Actual Impairment

As previously stated, an individual is disabled if he has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. §12102(2); *see also* 29 C.F.R. §1630.2(h) (defining "physical or mental impairment"). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. §12102(2)(A). A major life activity is substantially limited if an individual is unable to perform it or is "[s]ignificantly restricted as to the condition, manner or duration" under which it is performed, as compared to an average person in the general population. 42 U.S.C. §1630.2(j)(1).

In determining whether a substantial limitation exists, the regulations require the consideration of three factors: (1) the "nature and severity of the impairment"; (2) the "duration or expected duration of the impairment"; (3) the actual or expected "permanent or long term impact" resulting from the impairment. 42 U.S.C. §1630.2(j)(2). Importantly, a nonpermanent or temporary condition cannot be a substantial impairment under the ADA. *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010) (citing

*Williams v. Phila. Hous. Auth.*, 380 F.3d 751, 765 (3d Cir. 2004)). Moreover, "[i]t is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment. Instead, the ADA requires those claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial." *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 501–02 (3d Cir. 2010) (quoting *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002)) (internal quotation marks omitted).

Here, a review of the complaint reveals Charles has not sufficiently alleged a disability that substantially limits any major life activities. Charles alleges that near the beginning of the COVID-19 pandemic circa March 2020 he: "suffered severe mental health issues, including severe depression, that lead to his hospitalization in May 2020"; "swiftly obtained mental health care" and went on FMLA leave from work for approximately two weeks; and "was cleared by his treating mental health provider to return to work without restriction and he returned on May 26, 2020[.]" (Doc. 1, ¶¶7–10). The complaint does not contain any allegations about how his depression limited any major life activity.

Charles argues his actual impairment can be inferred from the complaint because he alleges he had to take leave from work. (Doc. 9 at 5). But the complaint alleges he was on leave for only about two weeks and was then "cleared by his treating mental health provider to return to work without restriction." (Doc. 1, ¶10). Charles does not allege that any of his major life activities were substantially impaired from the time he returned to work to the date he was placed on administrative leave sixteen days later, nor thereafter. The fact that on the same day he was placed on leave the HR director called Charles's wife to inform her of as much "with a tone that le[d] Mrs. Charles to believe that Tracy Watkins was voicing concern over Plaintiff's mental health" is not sufficient in itself to support an inference that Charles's depression substantially impaired a major life activity at that point. Thus, while Charles's depression is alleged to have been "severe," his allegations as currently pleaded indicate his alleged mental impairment was of short duration and had little "permanent or long term impact," *see* 42 U.S.C. §1630.2(j)(2).

Accordingly, the court finds dismissal is appropriate because Charles has failed to plead the requisite factual allegations to establish he had an actual mental impairment. Since these deficiencies are factual in nature, and are thus capable of being cured, the court will grant C&N's motion to dismiss

without prejudice and with leave to amend. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

B. **Regarded As**

Next, Charles may be able to plead a disability under the ADA via the "regarded as" prong of the definition of disability even though he has failed to sufficiently plead an actual mental impairment that limits a major life activity. That is because a plaintiff meets the "regarded as" requirement if he establishes that he "has been subject to an action the ADA prohibits 'because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.'" *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (quoting 42 U.S.C. §12102(3)(A)).

Here, C&N argues Charles does not plead sufficient facts supporting his allegations that C&N regarded him as disabled, since the complaint "is completely devoid of any reference to any comments, statements[,] or behaviors which would demonstrate C&N's knowledge of or perception that Charles suffered from an impairment of any sort." (Doc. 6 at 8–9). Charles says he did plead sufficient facts to show C&N regarded him as disabled:

> To the contrary, the Complaint asserts that Plaintiff's supervisor, Deborah Scott, engaged in behavior towards Plaintiff within two weeks of his return from leave due to mental health conditions, that evidenced her perception of Plaintiff being disabled. Ms.

> Scott talked down to Plaintiff, told him multiple times that "this isn't like you[,]" and made an unprecedented call to his wife regarding concern over Plaintiff's mental health. This behavior towards Plaintiff came immediately on the heels of his leave for mental health conditions, and even more, it was the first time in his 19-year career with the Defendant that they engaged in this type of behavior towards him.

(Doc. 9 at 6–7). Viewed in the light most favorable to Charles, and in light of the allegedly out-of-character behavior exhibited by C&N towards Charles immediately following his FMLA leave for mental health issues, the court finds the facts pleaded by Charles are sufficient to plausibly allege C&N perceived him as having a mental impairment.

However, the ADA curtails an individual's ability to state a "regarded as" claim if the impairment is "transitory and minor." *Budhun*, 765 F.3d at 259 (citing 42 U.S.C. §12102(3)(B)).

> Whether an impairment is "transitory and minor" is to be determined objectively. 29 C.F.R. §1630.15(f). That is to say, the relevant inquiry is whether the impairment that the employer perceived is an impairment that is objectively transitory and minor. The ADA regulations list being "transitory and minor" as a defense to an ADA claim. *Id.* While ordinarily a party may not raise affirmative defenses at the motion to dismiss stage, it may do so if the defense is apparent on the face of the complaint. *Ball v. Famiglio*, 726 F.3d 448, 459 n.16 (3d Cir. 2013).

*Budhun*, 765 F.3d at 259. Transitory means the impairment has an "actual or expected duration of six months or less." 42 U.S.C. §12102(3)(B). For similar reasons that Charles failed to plead a non-temporary, actual

- 12 -

impairment, the court finds that, as pleaded, Charles's perceived mental impairment is objectively transitory. The objective facts pleaded in Charles's complaint evince Charles had severe depression—apparently related to the fact that it was "mid-tax season [during which] [Charles] had to rapidly switch from using paper to electronic means of performing his job duties," (Doc. 1, ¶6)—then he took about two weeks off from work, and then he "was cleared by his treating mental health provider to return to work without restriction." Charles pleads a dearth of facts indicating his mental impairment had an actual or expected duration of more than six months or that C&N perceived as much.

The court also finds based on the pleaded facts that Charles's perceived mental impairment was objectively minor. "The term 'minor' is not defined in statute, and instead of formulating a broad definition of that term, courts have approached the issue on a case-by-case basis." *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 249 (3d Cir. 2020). Courts in this Circuit have found that mental health issues induced by "specific, nonrecurring events," are objectively transitory and minor. For example, in *Koci v. Cent. City Optical Co.*, 69 F.Supp.3d 483, 487 (E.D. Pa. 2014), the court found the plaintiff's alleged perceived depression was nothing other than transitory and minor under the ADA because it was induced by the specific, nonrecurring

event of her son's suicide attempt twenty-two days before her termination. *See also Seibert v. Lutron Electronics*, 408 Fed.Appx. 605, 608 (3d Cir. 2010) (depression induced by specific, non-recurring event was not a disability under the ADA). Here, Charles's allegations demonstrate his alleged depression was induced by the specific, nonrecurring event of having "to rapidly switch from using paper to electronic means of performing his job duties" mid-tax season after C&N had him work from home due to the COVID-19 pandemic. (Doc. 1, ¶¶5–7). That his perceived mental health issues arising from this event were objectively minor is further evinced by his allegation that after just two weeks of leave, he was cleared by his mental health provider to "return to work without restriction." (Doc. 1, ¶10). There are no further allegations regarding the severity or duration of Charles's mental health issues. Without more, these allegations indicate that any disability C&N perceived that Charles suffered from was minor. In sum, the court would have to speculate to conclude based on Charles's pleading that his mental health issues were anything but objectively transitory and minor. Therefore, Charles has failed to state a "regarded as" disability discrimination claim. But, again, since these deficiencies are factual in nature, and are thus capable of being cured, the court will grant C&N's motion to dismiss without prejudice and with leave to amend.

**IV.    CONCLUSION**

In light of the foregoing, the court will **GRANT** C&N's motion to dismiss, (Doc. 5), without prejudice and with leave to amend. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 29, 2023**
22-1025-01